UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLORIA GREENLEE, *et al*.,

       Plaintiffs,                         Case No. 3:14-cv-173

vs.

MIAMI TOWNSHIP, OHIO,                  District Judge Walter H. Rice
                                       Magistrate Judge Michael J. Newman

       Defendant.

---

**ORDER AND ENTRY: (1) DENYING PLAINTIFFS' MOTIONS TO STRIKE (DOCS. 12, 14); (2) DENYING DEFENDANT'S MOTION TO STRIKE (DOC. 28) AS MOOT; (3) *SUA SPONTE* GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT WITHIN 21 DAYS FOLLOWING THE COURT'S DISPOSITION OF THE REPORT AND RECOMMENDATION HEREIN; (4) GRANTING PLAINTIFFS' LEAVE TO FILE THEIR SUMMARY JUDGMENT REPLY MEMORANDUM (DOC. 16) OUT OF TIME; (5) GRANTING DEFENDANT LEAVE TO FILE A SUR-REPLY MEMORANDUM (DOC. 18) IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; AND (6) GRANTING PLAINTIFFS LEAVE TO EXCEED THE TWENTY-PAGE LIMITATION WITH RESPECT TO THEIR SUMMARY JUDGMENT OPPOSITION MEMORANDUM (DOC. 24)**

**\* \* \***

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOCS. 2, 16) BE DENIED; (2) DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 21) BE GRANTED; AND (3) PLAINTIFFS' MOTION FOR SANCTIONS (DOC. 20) BE DENIED**

---

      This civil case is before the Court on the parties' cross-motions for summary judgment.

Docs. 2, 16.  *Pro se* Plaintiffs Gloria and Kiel Greenlee, a mother and son (hereinafter

collectively referred to as "Plaintiffs"), filed their complaint in this case against Defendant

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Miami Township, Ohio (hereinafter referred to as the "Township")[2] on June 2, 2014.  Doc. 1.

On that same date, without having served the Township with the complaint or the benefit of

conducting any discovery, *pro se* Plaintiffs filed their initial motion for summary judgment.

Doc. 2.  The Township timely filed an answer, doc. 7, and without seeking to take discovery

pursuant to Fed. R. Civ. P. 56(d), also timely filed its memorandum in opposition to *pro se*

Plaintiffs' motion for summary judgment.  Doc. 9.[3]  Thereafter, the Township separately filed its

cross-motion for summary judgment.  Doc. 16.  *Pro se* Plaintiffs -- again, without seeking to take

discovery or request any other relief pursuant to Fed. R. Civ. P. 56(d) -- filed a fifty-nine page

memorandum in opposition[4] and attached ninety-eight separate pages as exhibits thereto.[5]  Doc.

---

[2] Notably, the caption of *pro se* Plaintiffs' complaint names only the Township as a party, and names no individual -- including, *inter alia*, any officer, official, employee of the Township.  *See* doc. 1. Pursuant to Fed. R. Civ. P 10(a), "[t]he title of the complaint must name all the parties[.]"  "[A] party that is not named in the caption of . . . [a] complaint is not a party to the action."  *Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *1 n.1 (S.D. Ohio May 6, 2011) (citations omitted).  Further, the summons returned and executed in this case reflects service upon only the Township.  Doc. 5 at PageID 37.

[3] On August 12, 2014, *pro se* Plaintiffs filed a separate document captioned as a "Motion for Summary Judgment."  Doc. 16.  The Court construes this separate document as a reply memorandum in support of Plaintiffs' earlier motion for summary judgment.  The Court, *sua sponte*, **GRANTS** *pro se* Plaintiffs leave to file the reply memorandum out of time.  Subsequently, the Township filed a memorandum in opposition (doc. 18), which this Court construes as a sur-reply memorandum which the Court, *sua sponte*, **GRANTS** the Township leave to file.

[4] *Pro se* Plaintiffs failed to seek leave of Court to file a memorandum in excess of this Court's page limitation.  *See* S.D. Ohio Local Rule 7.2(a)(3); *see also* Dayton General Order No. 12-01 at 11 (stating that "[m]emoranda in support of or in opposition to any motion shall not exceed twenty pages without first obtaining leave of Court").  In addition, *pro se* Plaintiffs failed to include "a combined table of contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum, and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any subsections may be found[,]" as required by S.D. Local Rule 7.2(a)(3).  Although the Court could strike *pro se* Plaintiffs' memorandum in opposition for failing to comply with the Local Rules and Standing General Order of this Court, in the interest of justice, the Court *sua sponte* **GRANTS** *pro se* Plaintiffs leave to exceed the page limitation *nunc pro tunc* and overlooks their non-compliance with the remaining requirements of S.D. Ohio Local Rule 7.2(a)(3).

2

24. The Township subsequently filed a reply memorandum in support of its motion for summary judgment.  Doc. 27.

The undersigned has carefully reviewed and considered all of the foregoing documents. Although these pending motions for summary judgment were filed at the early stages of this case and in advance of the commencement of discovery, none of the parties has sought relief under Rule 56(d), and therefore, these motions are now ripe for decision by the undersigned.[6]

## I.  UNDISPUTED FACTS[7]

On November 13, 2013, Plaintiff Kiel Greenlee drove a 1991 black Nissan[8] off of the traveled portion of Interstate 75 in Miami Township, Ohio after hitting black ice.  Doc. 1 at

---

[5] The Township moves to strike or disregard the exhibits attached to *pro se* Plaintiffs' memorandum in opposition for a number of reasons including, *inter alia*, hearsay and lack of authentication.  Doc. 28.  The undersigned reviewed and considered the documentation attached to *pro se* Plaintiffs' memorandum in rendering the Report and Recommendation herein.  Because none of the information set forth therein -- whether proper Rule 56 evidence or not (a finding the undersigned declines to make) -- creates a genuine issue of *material* fact as to whether the Township maintained an unconstitutional policy, practice, and/or custom, the undersigned **DENIES** the Township's motion to strike (doc. 28) as moot.

[6] *Pro se* Plaintiffs also filed motions to strike (docs. 12, 14), to which the Township filed memoranda in opposition (docs. 14, 17).  Motions to strike are generally disfavored, and the "drastic remedy" of striking a filing should "be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted).  Plaintiffs initial motion to strike (doc. 12), in substance, argues that the affirmative defenses asserted by the Township in its answer fail to meet pleading standards, such as the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Because the Supreme Court and the Sixth Circuit have not expressly held that heightened pleading applies to defenses, the Court declines to do so here." *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014).  In addition to the foregoing, the undersigned finds that the interests of justice are not furthered by striking any pleadings or responsive memoranda in this case and, therefore, Plaintiffs' motions (docs. 12, 14) are **DENIED**.  Plaintiffs have likewise failed to demonstrate any arguable basis as to why the imposition of sanctions would be appropriate in this case, nor have they demonstrated compliance with the Rule 11(c)(2) safe harbor provision. *See McGhan v. Kalkaska Cnty. Dept. of Human Servs.*, No. 1:08-cv-1113, 2009 WL 2170151, at *1 (W.D. Mich. July 20, 2009) (denying a motion for sanctions for failing to comply with Rule 11's "safe harbor" requirements). Accordingly, the undersigned **RECOMMENDS** that *pro se* Plaintiffs' motion for sanctions (doc. 20) be **DENIED**.

[7] The material facts necessary for disposition of the pending motions for summary judgment are not in dispute. In fact, the Township -- in its answer -- admitted many of *pro se* Plaintiffs' factual assertions. *See* Fed. R. Civ. P. 56(c)(1)(A) (stating that admissions properly considered in determining a motion for summary judgment); *see also* docs. 1, 7.

PageID 2; doc. 2-1 at PageID 25; doc. 7 at PageID 41. Kiel Greenlee left the damaged vehicle abandoned in a ditch on the side of the interstate highway. *See* doc. 2-1 at PageID 25; *see also* doc. 21-1 at PageID 193-97.

After receiving a dispatch, Township Police Officer Albert[9] located the unoccupied, damaged vehicle and, after conducting a Bureau of Motor Vehicle ("BMV") search of its license plate, determined that the vehicle was registered to Plaintiff Gloria Greenlee. Doc. 1 at PageID 3; doc. 21-1 at PageID 193; doc. 7 at PageID 41. After unsuccessfully attempting to contact Gloria Greenlee, Officer Albert had the vehicle towed. Doc. 2-1 at PageID 23, 25. As part of the tow process, Officer Albert searched the vehicle and located an insurance card issued to Plaintiff Kiel Greenlee. Doc. 1 at PageID 3; doc. 7 at PageID 179. Officer Albert's background investigation concerning Kiel Greenlee revealed an active arrest warrant from the Kettering Municipal Court.[10] Doc. 1 at PageID 4; doc. 2-1 at PageID 23.

On November 17, 2013, Officer Albert -- along with Officer Miller and Sergeant Nienhaus -- went to Plaintiffs' residence to question Kiel Greenlee about the abandoned car and arrest warrant. Doc. 2-1 at PageID 23, 27-28. A verbal altercation between Officer Albert and both Plaintiffs ultimately ensued, during which, according to Plaintiffs, Officer Albert became "belligerent" and threatened Plaintiffs with a taser. *Id.* at PageID 28. The confrontation ultimately ended without the arrest of either Plaintiff. *See id.*

---

[8] The vehicle at issue is registered to Gloria Greenlee, and is transferable on death to Kiel Greenlee. *See* Doc. 11-1 at PageID 68. The undersigned assumes for purposes of this Report and Recommendation -- without deciding -- that both Plaintiffs have standing.

[9] Neither Plaintiffs nor the Township provide the full names of Officer Albert, Officer Miller, or Sergeant Nienhaus. *See, e.g.,* docs. 1, 2-1, 21. In addition, as set forth *supra*, *pro se* Plaintiffs have not named any of these individuals as parties to this litigation nor served them with process. Doc. 1 at PageID 1, doc. 5 at PageID 37.

[10] The Township admits that Officer Albert learned this information upon "running [Kiel Greenlee's] name through the NCIC [National Crime Information Center] system." Doc. 7 at PageID 41.

Following this incident, Plaintiffs complained about Officer Albert's actions to Township Police Chief Ronald Hess.  Doc. 1 at PageID 8; doc. 7 at PageID 42.  Chief Hess referred Plaintiffs' complaints to Sergeant Fitzgerald for an internal investigation.  Doc. 1 at PageID 8; doc. 7 at PageID 42.  Following the investigation, Chief Hess wrote a letter to Plaintiffs explaining that the Internal Affairs division investigated and determined that, while the vehicle had been lawfully towed, Officer Albert and Sergeant Nienhaus acted unprofessionally on November 17, 2013, and corrective action would be taken against both officers.[11]  Doc. 2-1 at PageID 23-24.  Plaintiffs later wrote to the Township Board of Trustees regarding the alleged civil rights violations.  *Id.* at PageID 25-32.

## II.  CLAIMS ALLEGED

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  Liberally construing *pro se* Plaintiffs' allegations, the undersigned finds that they assert constitutional violations arising from the tow and search of their vehicle on November 13, 2013 -- including, *inter alia*, violations of the Fourth, Fifth and Fourteenth Amendments -- and the confrontation with Officer Albert at Plaintiffs' home on November 17, 2013 -- including a claim that Officer Albert's threatened use of a taser amounted to excessive force and

---

[11] The letter also stated that the vehicle should have been released to Plaintiffs on November 17, 2013, and accordingly, Chief Hess directed Sergeant Fitzgerald to contact the towing company to remove the storage bill and release the vehicle.  Doc. 2-1 at PageID 24.

harassment.[12] Doc. 1 at PageID 13-14. As previously noted, *pro se* Plaintiffs' claims are asserted against the Township only -- *i.e.*, no officers, officials or employees of the Township are parties to this action. *Id*. at PageID 1-14.

Plaintiffs also allege a number of purported claims against the Township arising under Ohio law on the basis of vicarious liability, *inter alia*, a claim for conversion, assault, and trespass. Doc. 1 at PageID 4, 7-8. In addition to alleging that the Township is liable for these state law claims on the basis of "vicarious liability," Plaintiffs also allege that the Township is not entitled to immunity under to Ohio Rev. Code § 2744.03(A)(5) for these claims. *See id*.

## III. STANDARD OF REVIEW

Generally, motions to dismiss -- and not motions for summary judgment -- are filed at the early stages of litigation before the close of discovery. *See Tucker v. Union of Needletrades, Indus. and Textile Emps.*, 407 F.3d 784, 787-88 (6th Cir. 2005) (stating that "[a] motion to dismiss typically occurs early in the course of litigation, well before discovery has been completed"). While unusual, the Federal Rules do allow parties to file summary judgment motions at the commencement of a lawsuit, or soon thereafter, before completion -- or, as in this case, before initiation -- of discovery. Fed. R. Civ. P. 56(b) (stating that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery"). If a non-movant has not had the opportunity to conduct discovery sufficient to adequately respond to

---

[12] The Court notes that mere "verbal threats do not constitute a § 1983 claim." *Moore v. Cnty. of Muskegon*, No. 99-1379, 1999 WL 1253096, at *1 (6th Cir. Dec. 17, 1999). Further, "[a] citizen does not suffer a constitutional deprivation every time he is subject to the petty harassment of a state agent." *Parate v. Isibor*, 868 F.2d 821, 833 (6th Cir. 1989) (citing *Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir.1985)). However, Courts have found that allegations asserting that pointing a taser "for the malicious purpose of inflicting gratuitous fear" can "state a cognizable [constitutional] claim[.]" *Parker v. Asher*, 701 F.Supp.192, 195 (D. Nev. 1988); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (stating that "maybe Plaintiff's legal theory -- an excessive force claim for immediate, malicious threat of electrical shock -- would not be indisputably meritless").

a summary judgment motion, Rule 56(d) permits that party to seek an opportunity to conduct such discovery before responding.

A motion for summary judgment should be granted if the *evidence* submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).[13]  "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.  "[T]he standards upon which the [C]ourt evaluates the motions for summary judgment does not change simply because the parties present cross-motions." *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir. 1991) (internal citations omitted).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Tech., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in [Rule 56] -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). Although Courts liberally review claims by *pro se* claimants, a properly supported motion for summary

---

[13] This standard differs from the standard the Court must consider in deciding a motion to dismiss, in which the Court views all *allegations* as true and in the light most favorable to the non-moving party. *See Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

judgment must be granted if *pro se* parties rely solely on the complaint allegations in opposition. *McElhaney v. Elo*, No. 98-1832, 2000 WL 32036, at \*1-2 (6th Cir. Jan. 6, 2000).

### IV.  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

*Pro se* Plaintiffs move for summary judgment on all of their claims.  Doc. 2 at PageID 16-18.  In their motion, *pro se* Plaintiffs summarily assert the absence of disputed issues of material fact and support such conclusory contention by attaching, without further analysis: (1) a letter authored by Ronald L. Hess, the Miami Township Chief of Police; (2) a letter they sent to the Township Board of Trustees; and (3) a towing invoice.  Doc. 2-1 at PageID 19-33.

As specifically noted by the Sixth Circuit, arguments and issues are waived when "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," because "it is insufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) (citation omitted).  Such is the case with regard to *pro se* Plaintiffs' motion for summary judgment.

While the Court liberally construes *pro se* Plaintiffs' allegations as required by law, the undersigned declines to develop and research *pro se* Plaintiffs' conclusory contentions on dispositive issues.  *Cf. Nali v. Ekman*, 355 F. App'x 909, 913-14 (6th Cir. 2009) (Sutton, J., dissenting); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (concluding that the Court should not "fill the void by crafting arguments and performing the necessary legal research" for *pro se* parties); *Sims v. Hastings*, 35 F. Supp.2d 715, 718 (N.D. Ill. 2005) (stating that while "[*p*]*ro se* pleadings. . . are to be construed generously . . . [p]recedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one").  Therefore, the undersigned

**RECOMMENDS** that *pro se* Plaintiffs' motion for summary judgment be **DENIED**, but without prejudice to re-filing with supporting arguments and evidence.[14]

### V.  THE TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT

The Township's motion for summary judgment focuses solely upon constitutional claims asserted by *pro se* Plaintiffs arising from the search and towing of the vehicle on November 13, 2013.  *See* doc. 21 at PageID 185, 187 n.1.  The Township presents no arguments regarding any state law claims or any constitutional claims arising from the confrontation with Township officers at Plaintiffs' residence on November 17, 2013.  *See id.*  As a result, the undersigned construes the Township's motion for summary judgment as a motion for partial summary judgment arising solely from the search and towing of Plaintiffs' vehicle.  *See Brown v. Raymond Corp.*, 318 F. Supp.2d 591, 591 n.1 (W.D. Tenn. 2004), *aff'd*, 432 F.3d 640 (6th Cir. 2005).  Accordingly, Plaintiffs' § 1983 claims arising from conduct occurring on November 17, 2013 and all state law claims remain pending regardless of the Court's disposition of the Township's motion.

The Township argues that summary judgment is proper on *pro se* Plaintiffs' constitutional claims purportedly arising from the search and tow of the vehicle because they: (1) fail to identify a specific Township policy or custom that caused an alleged constitutional violation; (2) suffered no Fourth Amendment violation because Officer Albert lawfully towed

---

[14]    The undersigned further notes that a moving party with the burden of proof -- typically the plaintiff -- faces a "substantially higher hurdle" than does a defending party bearing no burden of proof. *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  When the party with the burden of proof moves for summary judgment, he or she "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Id.* *Pro se* Plaintiffs' perfunctory motion, equally perfunctory supporting memorandum, and supporting documentation fail to demonstrate facts concerning  their claims "so powerful that no reasonable jury would be free to disbelieve" them.  *Id.*  Accordingly, the undersigned further **RECOMMENDS** that *pro se* Plaintiffs' motion for summary judgment be **DENIED**, without prejudice, on this basis as well.

the vehicle and conducted a constitutionally proper inventory[15] of the car's contents; and (3) allege no facts supporting either a due process or equal protection violation. *See* doc. 21.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. To survive summary judgment, a plaintiff must demonstrate: (1) the deprivation of a right secured under the Constitution or federal law; and (2) that the deprivation was caused by a person acting under color of state law. *McQueen v. Beecher Cmty. Schs.,* 433 F.3d 460, 463 (6th Cir. 2006).

Municipalities, such as the Township, are considered persons under § 1983, and "may be sued for constitutional deprivations." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, a municipality cannot be held liable for the acts of its officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To demonstrate municipal liability, one must: (1) identify the municipal policy or custom; (2) connect the policy to the municipality; and (3) show a particular injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted).

Here, the Township first contends that the evidentiary record now before the Court fails to evidence the existence of any official Township policy or custom causing the alleged

---

[15] "It is settled law that the police may conduct an inventory search of an automobile that is being impounded without running afoul of the Fourth Amendment." *United States v. Jackson*, 682 F.3d 448, 455 (6th Cir. 2012) (citing *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007)). "In order to be deemed valid, an inventory search may not be undertaken for purposes of investigation, and it must be conducted according to standard police procedures." *Id.* (quoting *Smith*, 510 F.3d at 651). "A general written inventory policy does not grant officers carte blanche when conducting a search; rather, it must be sufficiently tailored to only produce an inventory." *Id.* (citing *United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007)).

constitutional violations.  *See* doc. 21 at PageID 183-86.  In opposition, Plaintiffs argue that the Township: (1) has an express municipal policy that caused the alleged constitutional violations; (2) has a widespread, well-settled practice -- constituting a custom or usage -- that violated their constitutional rights; (3) ratified the allegedly unconstitutional conduct of Officer Albert by failing to investigate his conduct; (4) can be held liable due to its failure to act after being apprised of the alleged constitutional violations; and (5) is liable because a decision of a person with final policymaking authority caused the alleged constitutional injuries.

A.      **Express Policy**

In opposing the Township's motion, Plaintiffs first argue that the Township has an express unconstitutional municipal policy that caused their alleged injury.  "The *Monell* Court described a municipal policy as including 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated[.]'"  *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).  In seeking to evidence an express policy, Plaintiffs rely solely upon Chief Hess's letter, in which he wrote that "the removal of the vehicle from the accident scene . . . was legal and within our established policies."  Doc. 2-1 at PageID 23.  However, as Plaintiffs acknowledge, Chief Hess's statement does "not specifically point[] to the policy itself," doc. 24 at PageID 239, and Plaintiffs fail to otherwise place the Township's policy -- such as an ordinance, regulation, or policy statement -- before the Court.

Accordingly, because Plaintiffs fail to evidence any unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the Township, *see Monell*, 436 U.S. at 690, their contention in this regard has no merit.

### B. Widespread, Unwritten Practice

Plaintiffs next argue that Chief Hess's letter confirms the Township's "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law'" that caused the alleged constitutional violations. Doc. 24 at PageID 239 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Plaintiffs have not, however, evidenced -- through Chief Hess's letter or otherwise -- a "widespread practice" in the Township resulting in constitutional violations. Specifically, Plaintiffs point to no evidence of any other incident in which the Township unconstitutionally towed and searched vehicles left alongside Township roadways.

Even assuming, *arguendo*, that Officer Albert unconstitutionally towed and searched the vehicle, "[n]o evidence [in the record presently before the Court] indicates that this was anything more than a one-time, isolated event." *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) (citing *Monell*, 436 U.S. at 690-91). As a result, Plaintiffs' arguments under a custom or usage theory lack merit as a matter of law. *See Webb v. Jessasmine Cnty. Fiscal Ct.*, No. 5:09-cv-314-JMH, 2011 WL 3444091, at *2 (E.D. Ky. Aug. 8, 2011) (granting summary judgment in favor of the municipal defendant when the evidence showed "at best, individual . . . employees making decisions and taking actions[,]" as opposed to municipal custom).

### C. Ratification by Failure to Take Remedial Action

Finally, Plaintiffs assert that the Township is liable for Officer Albert's purportedly unconstitutional towing and search of the vehicle because it failed to take action against Officer Albert and/or ratified his conduct through inaction. *See* doc. 24 at PageID 239-41. To prevail in this regard, Plaintiffs must show: "(1) a clear and persistent pattern of illegal activity, (2) which the [municipality] knew or should have known about, (3) yet remained deliberately indifferent

12

about, and (4) that the [municipality]'s custom was the cause of the [violation]." *Thomas v. City of Chattanooga*, 398 F. 3d 426, 433 (6th Cir. 2005) (internal citations omitted).

The record presently before the Court is devoid of any evidence demonstrating a clear and consistent pattern of unconstitutional activity related to the Township's removal and search of damaged, unoccupied vehicles from its roads, knowledge of any such pattern, and deliberate indifference in that regard. Plaintiffs "cannot rely on a single instance to infer a policy of deliberate indifference." *Id*. Accordingly, Plaintiffs' arguments in this regard lack merit.

### D.    Conclusion

When reviewing cases involving municipal liability, the Supreme Court instructs Courts to adhere to "rigorous standards of culpability and causation . . . to ensure that the municipality is not held liable solely for its employees' actions." *Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 398 (1997). In this case, viewing the evidence in the light most favorable to Plaintiffs, the Court finds the record devoid of evidence supporting the existence of a municipal policy or custom that allegedly violated Plaintiffs' constitutional rights. Without any evidence of such a policy or custom -- even if some underlying constitutional harm could be shown here -- the Township cannot be held liable under § 1983. *See Monell*, 436 U.S. at 694.

### VI.  CONCLUSION

For the foregoing reasons, the undersigned **DENIES** Plaintiffs' motions to strike (docs. 12, 14) and, further, **DENIES** Defendants' motion to strike (doc. 28) as moot. In addition, the Court, *sua sponte*, **GRANTS**: *pro se* Plaintiffs leave to file their reply memorandum (doc. 16) out of time, the Township leave to file a sur-reply (doc. 18), and Plaintiffs leave to exceed the page limitation in its opposition memorandum (doc. 24).

Because Plaintiffs' arguments in support of their motion for summary judgment, and in response to the Township's motion for partial summary judgment, can be read as an attempt to assert claims against Officer Albert in his individual capacity (*see* doc. 24 at PageID 227, 231-37, 241-42), the Court *sua sponte* **GRANTS** Plaintiffs leave to file an amended pleading to assert claims against Officer Albert with regard to his alleged conduct on November 13 and 17, 2013. Such amended complaint shall be filed within **21 days** following Judge Rice's disposition of the undersigned's Report and Recommendation set forth herein.

In that regard, and based on the foregoing, the undersigned **RECOMMENDS** that: (1) *pro se* Plaintiffs' motion for summary judgment (docs. 2, 16) be **DENIED**, but without prejudice to re-filing on the remaining claims with evidence and developed argumentation; (2) the Township's motion for partial summary judgment (doc. 21) be **GRANTED** on Plaintiffs' § 1983 claims arising from the tow and search of their vehicle on November 13, 2013; and (3) Plaintiffs' motion for sanctions (doc. 20) be **DENIED**.

Date:    December 18, 2014                                    s/ *Michael J. Newman*
                                                             Michael J. Newman
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).